UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-cv-02233-NEB-JFD

KERLIN SANCHEZ VILLALOBOS, and DAYSI
VILLALOBOS IZAGUIRRE, on behalf of her
minor daughter, Y.S.,

**ANSWER ON BEHALF OF
DEFENDANT UNITED
STATES OF AMERICA**

                    Plaintiffs,

        v.

UNITED STATES OF AMERICA,

                    Defendant.

Defendant United States of America ("United States" or "Defendant") for its answer

to Plaintiffs' Complaint, filed October 11, 2021 (ECF No. 1), states as follows:

FIRST DEFENSE

Plaintiffs failed to present an administrative tort claim in sum certain for each

claimant by persons authorized to make such claims to the Department of Health and

Human Services (HHS) and exhaust their administrative remedies under 28 U.S.C. 2675(a)

and have those claims denied prior to commencing this lawsuit under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 2675(a). Thus, this Court lacks subject matter

jurisdiction over any and all claims against HHS.

SECOND DEFENSE

Plaintiffs failed to present an administrative tort claim in sum certain for each

claimant by persons authorized to make such claims to U.S. Immigration and Customs

Enforcement (ICE) within the Department of Homeland Security (DHS) and exhaust their

administrative remedies under 28 U.S.C. 2675(a) and have those claims denied by ICE prior to commencing this lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). Thus, this Court lacks subject matter jurisdiction over any and all claims against ICE.

THIRD DEFENSE

This Court lacks subject matter jurisdiction over this case and/or the Complaint fails to state a claim against the United States because Plaintiffs' failed to present proper and complete written administrative claims to U.S. Customs and Border Protection (CBP) within the Department of Homeland Security in sums certain for each claimant by persons authorized to make such claims to the appropriate federal agency and have those claims denied prior to commencing this lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). One purported claim was received by CBP on behalf of two persons without delineating a sum certain for each person or adequate documentation of the authority to make the claims for each of the two persons.

FOURTH DEFENSE

This action is subject to immediate dismissal for lack of personal jurisdiction, insufficient process, and insufficient service of process because copies of the complaint and summons were not served by registered or certified mail to the Attorney General of the United States in Washington, D.C. as required by Fed. R. Civ. P. 4(i)(1)(B), or within 90 days of commencement of the action as required by Fed. R. Civ. P. 4(m).

FIFTH DEFENSE

This Court lacks subject matter jurisdiction over this case and/or the Complaint fails

2

to state a claim against the United States because Plaintiffs' claims are based on alleged acts or omissions by employees of the United States exercising due care in the execution of federal statutes or regulations and thus the claims are not cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a).

SIXTH DEFENSE

This Court lacks subject matter jurisdiction over this case and/or the Complaint fails to state a claim against the United States because Plaintiffs' claims are barred by the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a).

SEVENTH DEFENSE

The Court lacks subject matter jurisdiction and/or the Complaint fails to state a claim against the United States because Plaintiffs' claims arise out of assault, battery, false imprisonment, false arrest, abuse of process, libel, slander, misrepresentation, deceit, or other intentional tort and thus are not cognizable under the FTCA, 28 U.S.C. § 2680(h).

EIGHTH DEFENSE

The Court lacks subject matter jurisdiction and/or the Complaint fails to state a claim against the United States because Plaintiffs' claims appear to arise under the *Flores* Agreement, the Victims of Trafficking and Violence Protection Act of 2000, or other federal law and not state law and thus are not cognizable under the FTCA. 28 U.S.C. §§ 1346(b), 2674, 2679, 2680.

NINTH DEFENSE

The Court lacks subject matter jurisdiction and/or the Complaint fails to state a

claim against the United States because Defendant United States, were it a private person, would not be liable under Texas or other applicable state law.

<u>TENTH DEFENSE</u>

The Court lacks subject matter jurisdiction and/or the Complaint fails to state a claim against the United States to the extent that the acts and/or omissions upon which the Complaint is based were acts and/or omissions of contractors or third parties for whose acts and/or omissions the United States is not legally responsible pursuant to 28 U.S.C. § 2671.

<u>ELEVENTH DEFENSE</u>

Defendant denies all the allegations in the Complaint including its footnotes except to the extent any such allegation is specifically admitted hereinafter.

<u>TWELTH DEFENSE</u>

Defendant makes the following responses to the specific numbered paragraphs of the Complaint.  The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.  Defendant duplicated the topic headings from Plaintiffs' Complaint and inserted them for ease of reference. Use of these topic headings below does not constitute an admission or acknowledgement by the Defendant of the relevance or accuracy of the topic headings.  Defendant answers the numbered paragraphs of the Complaint as follows:

INTRODUCTION

1.    The allegations in paragraph 1 constitute Plaintiffs' characterization of their complaint or conclusions of law to which no answers are required; however, to the extent answers are deemed required, Defendant denies each allegation in paragraph 1 unless

4

specifically admitted hereinafter and Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2.      The allegations in paragraph 2 constitute Plaintiffs' characterizations of their complaint or conclusions of law to which no answers are required; however, to the extent answers are deemed required, Defendant denies each allegation in paragraph 2 unless specifically admitted hereinafter and Defendant otherwise Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      The allegations in paragraph 3 constitute Plaintiffs' characterizations of their complaint or conclusions of law to which no answers are required; however, to the extent answers are deemed required, Defendant denies each allegation in paragraph 3 unless specifically admitted hereinafter, Defendant admits Kerlin and Y.S. were maintained by Defendant CBP in custody in a CBP facility in Texas in June 2019, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.

4.      The allegations in paragraph 4 constitute Plaintiffs' characterizations of their complaint or conclusions of law to which no answers are required. However, to the extent answers are deemed required, Defendant denies the allegations in paragraph 4, except Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 4; Defendant denies the allegations in the second and third sentences of paragraph 4; Defendant admits a purported administrative claim was received by CBP, but Defendant denies any administrative claims were presented to or received by ICE or HHS and Defendant denies the remaining allegations in

5

the fourth sentence of paragraph 4; Defendant admits CBP denied the purported claim received by CBP, but Defendant denies the remainder of the allegations in the fifth sentence of paragraph 4; Defendant admits Plaintiffs filed this lawsuit, but denies the remaining allegations in the sixth sentence of paragraph 4 and Defendant specifically denies the Court has subject matter jurisdiction over the allegations in the complaint, denies the complaint states cognizable claims against the United States, and Defendant incorporates the other averments and defenses Defendant interposed in this answer.

PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      The allegations in paragraph 7 constitute Plaintiffs' characterizations of their complaint or conclusions of law to which no answers are required; however, to the extent answers are deemed required, Defendant admits the United States is the only proper defendant in an action properly brought under the Federal Tort Claims Act (FTCA), but Defendant specifically denies this Court has subject matter jurisdiction over the complaint, denies the claims in this lawsuit are properly brought against the United States under the FTCA, denies the allegations in the complaint properly state claims against the United States under the FTCA, and denies the remaining allegations in paragraph 7.

JURISDICTION

8.   Defendant denies the allegations in paragraph 8.

9.   Defendant denies the allegations in paragraph 9.

10.   The allegations in paragraph 10 pertain to subject matter jurisdiction or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 10, except Defendant admits that, on or about December 17, 2020, the Department of Homeland Security ("DHS") headquarters received a cover letter dated December 11, 2020 from ACLU Minnesota addressed to DHS and to CBP   which included   a purported administrative claim with a typewritten supplement, signed and dated October 26, 2020 by Daysi Villalobos Izaguirre, and which cover letter and purported claim were forwarded to and were stamped received by the Office of Chief Counsel of United States Customs and Border Protection (CBP) on January 26, 2021.

11.   The allegations in paragraph 11 pertain to subject matter jurisdiction or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant admits that  CBP, by letter dated April 16, 2021, denied the purported administrative claim, signed and dated October 26, 2020 by Daysi Villalobos Izaguirre with cover letter dated December 11, 2020, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.

VENUE

12.   The allegations in paragraph 12 pertain to venue and subject matter

7

jurisdiction to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

FACTS

13. The allegations in paragraph 13 pertain to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in Paragraph 13 as they do not state or pertain any state law duty cognizable under the FTCA, but Defendant admits the DHS press release from March 13, 2021 cited in footnote 1 exists.

14. The allegations in paragraph 14 pertain to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in Paragraph 14 as they do not state or pertain to any state law duty cognizable under the FTCA.

15. The allegations in paragraph 15 pertain to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in Paragraph 15 as they do not state or pertain to any state law duty cognizable under the FTCA.

16.  The allegations in paragraph 16 pertain to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in Paragraph 16 as they do not state or pertain to any state law duty cognizable under the FTCA, but Defendant admits that the court filing cited in footnote 2 exists.

17.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.  The allegations in paragraph 18 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 18 except Defendant admits that on or about June 9, 2019, CBP Border Patrol Agents for El Paso Sector apprehended Kerlin and Y.S. Villalobos at a location other than a Port of Entry, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18.

19.  The allegations in paragraph 19 pertain to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in Paragraph 19 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons.

20.  The allegations in paragraph 20 pertain to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no

answers are required.  To the extent answers are deemed required, Defendant denies the allegations in Paragraph 20 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons.

21.  The allegations in paragraph 21 contains allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in Paragraph 21 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons.

22.  The allegations in paragraph 22a through 22k constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in Paragraph 22a through 22k inclusive as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons.

23.  The allegations in paragraph 23a through 23p constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in Paragraph 23a through 23p inclusive as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, but Defendant admits the U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search (October 2015) ("TEDS")  document cited in footnote 3 exists.

24.   The allegations in paragraph 24 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in Paragraph 24 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits Kerlin and Y.S. were in CBP custody at a CBP facility in Clint, Texas from June 9, 2019 until June 18, 2019.

25.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, but Defendant admits Kerlin and Y.S. were in CBP custody at a CBP facility in Clint, Texas from June 9, 2019 until June 18, 2019.

26.  The allegations in paragraph 26 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 26  as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits CBP maintained Kerlin and Y.S. in custody at a Texas CBP facility from June 9, 2019 until June 18, 2019.

27.   The allegations in paragraph 27 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 27 and footnote 4 as they do not state or pertain to any state law duty cognizable under the FTCA

and for other reasons, but Defendant admits the June 20, 2019 AP report referenced in footnote 4 exists.

28.   The allegations in paragraph 28 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 28  and footnote 5 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits the June 20, 2019 AP news article referenced in footnotes 4 and 5 exists.

29.   The allegations in paragraph 29 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 29  and footnote 6 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits the June 20, 2019 AP news article referenced in footnotes 4, 5, and 6 exists.

30.   The allegations in paragraph 30 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 30 and footnote 7 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons.  Defendant admits the New York Times published the article cited in footnote 7 exists.

31.  The allegations in paragraph 31 constitute allegations as to subject matter

jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 31 and footnotes 7 and 8  as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits the July 9, 2019 New York Times article cited in footnotes 7 and 8 exists.

32.  The allegations in paragraph 32 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 32 and footnote 9 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits the ABC news report dated June 27, 2019 cited in paragraph 32 and footnote 9 exists.

33.  The allegations in paragraph 33 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 33 and footnote 10 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits the MSNBC news report/video dated July 10, 2019 cited in paragraph 33 and footnote 10 exists.

34. Defendant denies Plaintiffs' characterization of "registered" and lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 34, but Defendant admits that Kerlin and Y.S. arrived at a CBP facility on June 9, 2019 and were processed thereafter.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, but Defendant denies the characterizations "forced" and "against their wishes" and "in view of all of the adults standing nearby".

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, but Defendant denies the characterizations about "rifled through" and "grabbed" and avers that Y.S. did not report any medication or medical conditions upon medical screening.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, but Defendant avers that Y.S. did not report any medication or medical conditions upon medical screening.

38. Defendant denies the allegations in paragraph 38 and avers that Y.S. did not report any medication or medical conditions upon medical screening.

39. Defendant denies the allegations in paragraph 39 and avers that Y.S. did not report any medication or medical conditions upon medical screening.

40. Defendant denies the allegations in paragraph 40 and avers that Y.S. did not report any medication or medical conditions upon medical screening.

41.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.  The allegations in paragraph 42 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 42 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant admits Kerlin and Y.S. were in CBP custody at a CBP facility in Clint, Texas from June 9, 2019 until June 18, 2019, during which time Defendant avers that Kerlin and Y.S. were given food, including hot meals, on a regular basis.

43.  The allegations in paragraph 43 constitute allegations as to subject matter jurisdiction conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 43 as they do not state or pertain to any state law duty cognizable under the FTCA and for other reasons, except Defendant avers that U.S. Border Patrol processed Kerlin and Y.S. on or about June 9, 2019, and each received a medical screening which included questions regarding medical history and/or need for medication.

44.  The allegations in paragraph 44 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 44 as they do not state or pertain to

any state law duty cognizable under the FTCA and Defendant specifically denies the allegation that CBP staff treated any person "horribly."

45.  The allegations in paragraph 45 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 45 as they do not state or pertain to any state law duty cognizable under the FTCA, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.  The allegations in paragraph 46 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 46 as they do not state or pertain to any state law duty cognizable under the FTCA, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.  Defendant admits that on or about June 9, 2019, Kerlin and Y.S. provided CBP with contact information for their mother, Daysi Villalobos Izaguirre, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.  The allegations in paragraph 49 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 49 as they do not state or pertain to any state law duty cognizable under the FTCA,  except Defendant admits Kerlin and YS were in  CBP custody at a CBP facility in Clint, Texas from June 9, 2019 through June 18, 2019,  Defendant CBP denies Plaintiffs' characterizations of the CBP facility as a "hielera" or "freezer", but Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.  The allegations in paragraph 50 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 50 as they do not state or pertain to any state law duty cognizable under the FTCA,  except Defendant admits Kerlin and YS were in  CBP custody at a CBP facility in Clint, Texas from June 9, 2019 through June 18, 2019,   Defendant-CBP denies Plaintiffs' characterizations of the CBP facility as a "hielera" or "freezer", but Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and Defendant avers that Y.S. did not report any medication or medical conditions upon medical screening.

51.  The allegations in paragraph 51 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to

which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 51 as they do not state or pertain to any state law duty cognizable under the FTCA,  except Defendant admits Kerlin and YS were in  CBP custody at a CBP facility in Clint, Texas from June 9, 2019 through June 18, 2019, Defendant CBP denies Plaintiffs' characterizations of the CBP facility as a "hielera" or "freezer", but Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52. The allegations in paragraph 52 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 52 as they do not state or pertain to any state law duty cognizable under the FTCA,  except Defendant admits Kerlin and YS were in  CBP custody at a CBP facility in Clint, Texas from June 9, 2019 through June 18, 2019, Defendants admit that Kerlin and Y.S. were held in facilities for unaccompanied female children, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53. The allegations in paragraph 53 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 53.

54. The allegations in paragraph 54 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to

18

which no answers are required.   To the extent answers are deemed required, Defendant denies the allegations in paragraph 54.

55.  The allegations in paragraph 55 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56.  The allegations in paragraph 56 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57.  The allegations in paragraph 57 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58.  The allegations in paragraph 58 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.   To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59.  The allegations in paragraph 59 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 59 except that Defendant avers that Kerlin and Y.S. were given food, including hot meals, on a regular basis.

60.  The allegations in paragraph 60 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 except that Defendant avers that Kerlin and Y.S. were given food, including hot meals, on a regular basis.

61.  The allegations in paragraph 61 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant admits CBP provided Kerlin and Y.S. juice.  Defendant denies the allegations about water and avers that water was readily accessible to Kerlin and Y.S., and Defendant lacks knowledge or information sufficient to form a belief about the truth about what Kerlin and Y.S. "recall."

62.  The allegations in paragraph 62 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required.  To the extent answers are deemed required, Defendant denies the allegations in paragraph 62 except that Defendant avers that

Kerlin and Y.S. were given food, including hot meals, on a regular basis.

63. The allegations in paragraph 63 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 but denies the characterization of "cages."

64. The allegations in paragraph 64 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65. The allegations in paragraph 65 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

66. The allegations in paragraph 66 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

67. The allegations in paragraph 67 constitute allegations as to subject matter

21

jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 but denies the characterization of "cages."

68. The allegations in paragraph 68 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 but denies the characterization of "cages."

69. The allegations in paragraph 69 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70. The allegations in paragraph 70 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71. The allegations in paragraph 71 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required,

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 but denies the characterization of "cages."

72. The allegations in paragraph 72 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 but denies the characterization of "cages."

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 but denies all Plaintiffs' characterizations made in paragraph 73.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74, but Defendant denies the hyperbolic use of the words/characterization of "incarceration," "deficient," and "yelled".

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76 and avers that Kerlin did not sustain any injuries or require any medical attention while in CBP custody.

77. Defendant denies the allegations in paragraph 77 and avers that Kerlin did not sustain any injuries or require any medical attention while in CBP custody.

78. The allegations in paragraph 78 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in

paragraph 78.

79.   The allegations in paragraph 79 constitute conclusions of law or Plaintiffs' characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in paragraph 79 and footnote 11, but Defendant admits the New York Times article cited in footnote 11 exists.

80.  The allegations in paragraph 80 constitute Plaintiffs' conclusions of law or characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.  The allegations in paragraph 82 constitute Plaintiffs' conclusions of law or their characterizations of the complaint to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in paragraph 82.

83.   The allegations contained in paragraph 83 constitute Plaintiffs' characterizations of their causes of action or conclusions of law, to which no response is required. To the extent that answers are deemed required, Defendant CBP denies the allegations in paragraph 83.

84.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85.  The allegations in paragraph 85 constitute Plaintiff's conclusions of law or characterizations of their causes of action to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.  The allegations in paragraph 86 constitute Plaintiffs' conclusions of law or characterizations of their causes of action to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89.  The allegations in paragraph 89 constitute Plaintiffs' conclusions of law or their characterizations of their complaint to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90.  The allegations in paragraph 90 constitute Plaintiffs' conclusions of law or their characterizations of their causes of action to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.  The allegations in paragraph 91 constitute Plaintiffs' conclusions of law

or their characterizations of their causes of action to which no answers are required. To the extent answers are deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92. Defendant admits that Kerlin and Y.S. were transferred from Clint, Texas to Brownsville, Texas, on or about June 18, 2019, at which time and place they entered the custody of the Office of Refugee and Resettlement ("ORR") within HHS and were placed at a shelter. Defendants deny the remaining allegations contained in paragraph 92 and Defendant specifically denies the *Flores* settlement agreement establishes any relevant legal duty for the United States or otherwise applies in an action cognizable under the FTCA as suggested in paragraph 92 and in footnote 12.

93. The allegations in paragraph 93 constitute Plaintiffs' conclusions of law or their characterizations of their causes of action to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in paragraph 93, except Defendant admits that ORR places children and youth in its custody into care provider facilities based on child welfare best practices in order to provide a safe environment and place the child in the least restrictive setting appropriate for the child's needs. ORR may place a child in a shelter facility, foster care or group home (may be therapeutic), staff secure or secure care facility, residential treatment center, or other special needs care facility.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94, but Defendant avers that Kerlin

and Y.S. were transferred to ORR custody on June 18, 2019.

95.   The allegations contained in paragraph 95 constitute Plaintiffs' conclusions of law to which no response is required; however, to the extent answers are deemed required, Defendant denies the allegations in paragraph 95, except Defendant admits that ORR care provider facilities are state licensed and must meet ORR requirements to ensure a high level of care.

96.   The allegations in paragraph 96 constitute Plaintiffs' legal conclusions to which no answers are required.   However, to the extent answers are deemed required, Defendant denies the allegations in paragraph 96, Defendant specifically denies the *Flores* settlement agreement establishes any relevant legal duty or otherwise applies in an action cognizable under the FTCA, but Defendant admits that ORR care provider facilities are state licensed and must meet ORR requirements to ensure a high level of care, including classroom education, health care, socialization/recreation, vocational training, mental health services, access to legal services, and case management.

97.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97, except Defendant avers that Kerlin and Y.S. were transferred to ORR custody on June 18, 2019.

98.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99, and Defendant avers the

allegations in paragraph 99 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

100.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, and Defendant avers the allegations in paragraph 100 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

101.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103, and Defendant avers the allegations in paragraph 103 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

104.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

105.   Defendant denies the allegations in paragraph 105, except Defendant avers that Y.S. was placed at Southwest El Presidente, in Brownsville, Texas, on June 18, 2019.

106.  Defendant denies the allegations in paragraph 106, except Defendant avers that Y.S. was placed at Southwest El Presidente, in Brownsville, Texas, on June 18, 2019.

107.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107, and Defendant avers the allegations in paragraph 107 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

108.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108, and Defendant avers the allegations in paragraph 108 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

109.  Defendant denies the allegations in paragraph 109, except Defendant avers that Kerlin was placed at Southwest Key Nueva Esperaza on June 18, 2019.

110.  The allegations in paragraph 110 constitute Plaintiffs' legal conclusions to which no answers are required.  However, to the extent answers are deemed required, Defendant specifically denies the *Flores* settlement agreement establishes any relevant legal duty under the FTCA; Defendant admits that Y.S. and Kerlin were placed at shelters owned and operated by Southwest Key Programs, Inc., which maintains a cooperative agreement with ORR to provide a high level of care to unaccompanied   children,   including   classroom   education,   health   care,

socialization/recreation, vocational training, mental health services, access to legal services, and case management; and Defendant denies the remaining allegations contained in paragraph 110.

111.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111, and Defendant avers the allegations in paragraph 111 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

112.  Defendant denies the allegations in paragraph 112, and Defendant avers the allegations in paragraph 112 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

113.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113, and Defendant avers the allegations in paragraph 113 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

114.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114, and Defendant avers the allegations in paragraph 114 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

115.  Defendant denies the allegations in paragraph 115, except Defendant admits that Kerlin was discharged from ORR custody on July 3, 2019 and reunified with her mother, who lived in Rochester, Minnesota. Defendant avers the allegations in paragraph 115 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

116.  Defendant denies the allegations in paragraph 116, except Defendant admits that Y.S. was discharged from ORR custody on July 3, 2019 and reunified with her mother, who lived in Rochester, Minnesota. Defendant avers the allegations in paragraph 116 may describe conduct by contractors and/or third parties for whom the United States has no responsibility under the FTCA (28 U.S.C. § 2671).

INJURIES AND DAMAGES TO KERLIN AND Y.S.

117.  The allegations in paragraph 117 constitute allegations as to subject matter jurisdiction, conclusions of law, or Plaintiffs' characterizations of their causes of action to which no answers are required. To the extent answers are deemed required, Defendant denies the allegations in paragraph 117.

CLAIMS FOR RELIEF

First Claim

118.  Defendant incorporates, realleges, and repeats its responses to the foregoing paragraphs 1-117.

119.  The allegations in paragraph 119 constitute conclusions of law to which no answers are deemed required.  However, the extent answers are deemed required, Defendant denies the allegations in paragraph 119.

31

120.  The allegations in paragraph 120 constitute conclusions of law to which no answers are deemed required.   However, the extent answers are deemed required, Defendant denies the allegations in paragraph 120.

121.  The allegations in paragraph 121a through 121g constitute conclusions of law to which no answers are deemed required.   However, the extent answers are deemed required, Defendant denies the allegations in paragraph 121a through 121g.

122.  The allegations in paragraph 122 constitute conclusions of law to which no answers are deemed required.   However, to the extent answers are deemed required, Defendant denies the allegations in paragraph 122.

123.  The allegations in paragraph 123 constitute conclusions of law to which no answers are deemed required.   However, the extent answers are deemed required, Defendant denies the allegations in paragraph 123.

Second Claim for Relief

124.  Defendant incorporates, realleges, and repeats its responses to the foregoing paragraphs 1-123.

125.  The allegations in paragraph 125 constitute conclusions of law to which no answers are deemed required.   However, the extent answers are deemed required, Defendant denies the allegations in paragraph 125.

126.  The allegations in paragraph 126 constitute conclusions of law to which no answers are deemed required.   However, the extent answers are deemed required, Defendant denies the allegations in paragraph 126.

127.  The allegations in paragraph 127 constitute conclusions of law to which no

answers are deemed required. However, the extent answers are deemed required, Defendant denies the allegations in paragraph 127.

128. The allegations in paragraph 128 constitute conclusions of law to which no answers are deemed required. However, the extent answers are deemed required, Defendant denies the allegations in paragraph 128.

129. The allegations in paragraph 129 constitute conclusions of law to which no answers are deemed required. However, the extent answers are deemed required, Defendant denies the allegations in paragraph 129.

Third Claim for Relief

130. Defendant incorporates, realleges, and repeats its responses to the foregoing paragraphs 1-129.

131. The allegations in paragraph 131 constitute conclusions of law to which no answers are deemed required. However, the extent answers are deemed required, Defendant denies the allegations in paragraph 131.

132. The allegations in paragraph 132 constitute conclusions of law to which no answers are deemed required. However, the extent answers are deemed required, Defendant denies the allegations in paragraph 132.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134.

135. Defendant denies the allegations in paragraph 135.

136. The allegations in paragraph 136 constitute conclusions of law to which no answers are deemed required. However, the extent answers are deemed required,

Defendant denies the allegations in paragraph 136.

Fourth Claim for Relief

137.  Defendant incorporates, realleges, and repeats its responses to the foregoing paragraphs 1-136.

138.  The allegations in paragraph 138 constitute conclusions of law to which no answers are deemed required.  However, the extent answers are deemed required, Defendant denies the allegations in paragraph 138.

139.  Defendant denies the allegations in paragraph 139.

140.  Defendant denies the allegations in paragraph 140.

PRAYER FOR RELIEF

141.  The allegations in Plaintiffs' Complaint following the word WHEREFORE on page 28 contain Plaintiffs'  prayer for relief to which no answer from the United States is required; however, to the extent an answer is deemed required, the United States denies that Plaintiffs are entitled to any of the relief they seek against the United States.

**<u>AFFIRMATIVE DEFENSES</u>**

1.     The Court lacks subject matter jurisdiction and/or the United States cannot be liable because the claim involves circumstances where the United States were it a private person would not be liable to the claimant in accordance with the law of the state where the alleged act or omission occurred.  28 U.S.C. §1346(b).

2.     The injuries and/or damages alleged in the Complaint, if any, were not proximately caused by any negligent or wrongful act or omission of any employee of the

United States acting within the scope of his or her employment with the United States; therefore, the United States cannot be liable.

3.      Plaintiffs cannot recover as they assumed the risk of any injuries or damages by entering the United States illegally.

4.      The injuries and/or damages alleged by the Plaintiffs in the Complaint, if any, were proximately caused by the intervening and/or superseding acts or omissions of persons other than an employee or agent of the United States and were not caused by an act or omission of any employee of the United States acting in the scope of that employment.

5.      In the event the Court finds the United States negligent, which negligence the United States denies, then the negligence of Plaintiffs exceeded that of the United States and the Plaintiffs' claim is therefore barred.  In the alternative, Plaintiffs' own negligence contributed to Plaintiffs' injuries and damages and any recovery must be reduced in proportion to their comparative fault.

6.      In the event the Court finds the United States negligent, which negligence the United States denies, then any recovery by the Plaintiffs from the United States must be reduced by the comparative fault of Plaintiffs, any comparative fault of any contractor, and any comparative fault of any other person over whom the United States had no control.

7.      Any claim for prejudgment interest is prohibited under 28 U.S.C. § 2674.

8.      Plaintiffs' recovery if any is limited to the amount stated in their administrative claims.  28 U.S.C. § 2675(b).

9.      Plaintiffs cannot recover consequential or special damages under the FTCA.

10.     Plaintiffs' recovery, if any, is limited by the common and/or statutory law of the State of Texas or the substantive law of any other state where cognizable acts or omissions occurred.

11.   In the event the United States is found to have been negligent, which negligence is denied, the United States's negligence was not a proximate cause of Plaintiffs' injuries.

12.   The Court lacks subject matter jurisdiction and/or the Complaint fails to state a claim against the United States to the extent that, with respect to any act or omission that may have given rise to a claim under the FTCA, Plaintiffs failed to present a proper and complete claim to the appropriate federal agency within 2 years after any such claim accrued and/or failed to file a complaint within six months of the denial of any such claim, pursuant to 28 U.S.C. § 2401(b). One purported claim was received by CBP on behalf of two persons without delineating a sum certain for each person.  Plaintiffs failed to present any claim to ICE a different agency within DHS.  Plaintiffs failed to present any claim to HHS or its agency ORR.

13.   Any recovery by Plaintiffs from the United States is subject to the availability of Congressionally appropriated funds.  42 U.S.C. §233(k).

14.   The United States is entitled to an offset for the reasonable value of medical care or other benefits provided to Plaintiffs by any agency of the United States for or as a result of Plaintiffs' alleged injuries.

15.   The United States is entitled to an offset for any benefits paid to Plaintiffs as a result of the events giving rise to this action under any program of the United States.

16.   The United States is entitled to an offset for any benefits paid to Plaintiffs as a

result of the events giving rise to this action from any collateral source.

17.  Plaintiffs are barred from recovering damages to the extent they failed to mitigate their damages.

18.  Plaintiffs are not entitled to recover any separate amount for attorney's fees, and any attorney's must be paid out of any recovery by judgment or otherwise.  28 U.S.C. §2412.  Plaintiffs' counsel may not charge, demand, receive, or collect for services rendered, fees in excess of 25 per cent of any judgment awarded under the FTCA.  28 U.S.C. §2678.

19.  To the extent Plaintiffs seek declaratory, equitable, or non-monetary relief, such relief is not available under the FTCA.  28 U.S.C. §1346(b)(1).

20.  To the extent Plaintiffs seeks punitive damages, such damages are not available under the FTCA.  28 U.S.C. §2674.

21.  Plaintiffs' claim for costs and disbursements is limited to any taxable costs that may be awarded to a prevailing party under 28 U.S.C. §1920.

22.  There is no jury trial against the United States.  28 U.S.C. §2402.

23.  This case should be dismissed or transferred for improper venue and/or inconvenient forum (*forum nonconviens*).

24.  By failing to present administrative claims to ICE or to HHS, Plaintiffs failed to join proper agency parties and the claims pertaining to acts or omissions allegedly taken by, for, or on behalf of those agencies should be dismissed.

25.  The United States cannot be liable under other avoidances or affirmative defenses including but not limited to the doctrines of fraud, illegality, injury by fellow

servant, and otherwise.

26.   The acts or omissions alleged in the complaint are not cognizable under the FTCA because they are allegations regarding the claims of abuse, negligent supervision, conditions of confinement, violations of federal regulations or statutes or the United States Constitution, violations of or noncompliance with the *Flores* settlement, and otherwise, and not violations of the substantive tort law of Texas or other state where the alleged acts or omissions occurred.

27.   The complaint fails to state a claim under for assault, battery, negligent undertaking, negligent or intentional infliction of emotional distress, or otherwise under Texas state law or the law of any other state where the act or omission may have occurred.

28.   The Court lacks subject matter jurisdiction for other reasons.

29.   The Complaint fails to state a claim upon which relief can be granted against the United States for other reasons.

30.   The United States reserves the right to plead additional affirmative defenses which, through investigation and discovery, may become known.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of their Complaint, that judgment be entered against Plaintiffs and in favor of Defendant, for an order awarding Defendant its costs and disbursements incurred in defense of this action, and for all other relief to which Defendant may be entitled.

Respectfully Submitted,

Date: January 28, 2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

*s/ Friedrich A. P. Siekert*

BY:  FRIEDRICH A. P. SIEKERT
Assistant U.S. Attorney
Attorney ID Number 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone:  612-664-5600
Email: Fred.Siekert@usdoj.gov

Attorneys for Defendant
United States of America