UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KERLIN SANCHEZ VILLALOBOS, and
DAYSI VILLALOBOS IZAGUIRRE *on
behalf of her minor daughter, Y.S.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 21-CV-2233 (NEB/JFD)

**ORDER ON DEFENDANT'S
MOTION TO STAY**

---

This matter is before the Court on Defendant United States of America's Motion to Stay (Dkt. No. 38).[1] At the time of filing its Motion to Stay, the United States claimed that it would, at some future date, file its "anticipated early motion to dismiss for lack of subject matter jurisdiction[,]" but had not yet filed any such motion during the briefing period for its Motion. (*Id.* at 1–2.) On Friday, May 27, 2022, the United States filed its Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 52). Following the Memorial Day long weekend, on Tuesday, May 31, the Court held a hearing in which Assistant US Attorney Friedrich Siekert represented Defendant United States, and Ian Bratlie and Teresa Nelson represented Plaintiffs Kerlin Sanchez Villalobos and Daysi Villalobos Izaguirre (on behalf

---

[1] The United States also simultaneously filed a Motion for a Protective Order, which the Court granted from the bench for the reasons stated on the record at the May 31 motions hearing. (*See* Hr'g Mins. at 1, Dkt. No. 70.) The Court subsequently issued a Protective Order. (Dkt. No. 76.)

of her minor daughter, Y.S. (Hr'g Mins. at 1.)[2] During its opening remarks at the hearing, the Court noted that the United States had filed its anticipated dispositive motion on the Friday before the long weekend, and that, because the motions hearing was scheduled for the Tuesday morning following the holiday weekend, the Court had not been able to review that dispositive Motion. The Court also observed that the United States's newly-filed Motion might change the landscape of the proceedings at hand. After oral arguments at the conclusion of the motions hearing, the Court took the United States's Motion to Stay under advisement. (*Id.*) For the following reasons, the Court now denies that Motion.

Federal Rule of Civil Procedure 26(c) provides that a district court may stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); *see also TE Connectivity Networks Inc. v. All Sys. Broadband, Inc.*, No. 13-CV-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013) (citing Fed. R. Civ. P. 26(c) ("A court may only issue such an order, however, upon the movant's showing of good cause, including to avoid undue burden or expense.")). Additionally, federal courts "have the inherent power to stay the proceedings of an action, so as to control [the Court's] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Kemp v. Tyson Seafood Grp., Inc.*, No. 5:96-CV-173 (JRT/RLE), 19 F.Supp. 2d 961, 964 (D. Minn. May 5, 1998) (citations omitted). Courts have broad discretion regarding decisions

---

[2] During that same May 31 motions hearing, the Court heard oral arguments for Plaintiffs' pending Motion to Compel Responses to Interrogatories and Production of Documents (Dkt. No. 31), which the Court will address in a separate order.

to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

When deciding motions to stay, "Courts use a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at *3 (D. Minn. July 29, 2016). "[T]he mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *TE Connectivity*, 2013 WL 4487505, at *2 (citation omitted). However, "[w]hen a pending motion to dismiss would dispose of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law,' courts have sometimes stayed discovery during the pendency of the motion." *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-MDL-2795 (MJD/KMM), 2018 WL 2122869, at *1 (D. Minn. May 8, 2018) (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-CIV-2120 (LMM/AJP), 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996)).

In addition to good cause, federal courts typically consider a variety of practical factors when determining whether a stay is appropriate, including: (1) whether the movant has shown it is reasonably likely to succeed on the merits of its dispositive motion; (2) whether the movant has demonstrated it will suffer hardship or inequity if the matter is not stayed; (3) whether there will be prejudice to the non-moving party if the matter is stayed; and (4) what outcome is best for the conservation of judicial resources. *See Danger v. Nextep Funding, LLC*, No. 18-CV-567 (SRN/LIB), 2019 WL 4917181, at *2 (D. Minn.

3

Jan. 22, 2019) (citing *Johnson v. Cty. of Douglas, Neb.*, 8:09-CV-0356 (JFB/TDT), 2011 WL 93668969, at *2 (D. Neb. July 6, 2011)). However, generally the determination of a motion to stay is a practical one largely left to the court's discretion. *See TE Connectivity*, 2013 WL 4487505, at *2. "Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate." *Id.*

With these considerations in mind, the Court holds that a stay of discovery is not warranted in this case. As to the merits of the United States's pending dispositive motion, the Court has reviewed the United States's Motion to Dismiss for Lack of Jurisdiction but makes no prediction regarding the eventual outcome of the United States's Motion. The Court has not yet seen full briefing on this Motion, but finds that, based on the United States's briefs alone, it does appear that the Motion is based on substantial grounds and is not unfounded in law, and that, if the Motion is granted in full, it would lead to the dismissal of all of Plaintiffs' claims in their Complaint. However, the Motion to Dismiss was filed seven months after the Complaint,[3] in a case in which Plaintiffs assert they are apprehensive about their vulnerability to immigration removal proceedings. Little or no discovery has taken place in this case, the reason proffered by the United States being that a protective order was needed before meaningful discovery could proceed.[4] Therefore, the

---

[3] The Complaint (Dkt. No. 1) was filed on October 11, 2021, and the Motion to Dismiss (Dkt. No. 52) on May 27, 2022.

[4] The Motion for a Protective Order (Dkt. No. 38) was not filed until May 5, 2022. The reasons for the delay are not clear, at least to the Court. The Court notes, though, that pre-discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were due on March 11, 2022,

4

factor of a possible meritorious dispositive motion that might otherwise favor a finding of good cause—and a grant of the requested stay—ends up disfavoring the stay because of the particular discovery circumstances of this case.

As to any prejudice to the United States if the Motion to Stay is denied, the Court finds that the United States would suffer little prejudice for two reasons. First, in its Motion papers and at the motions hearing, the United States represented that it was prepared to provide responsive documents as soon as a Protective Order was in place, suggesting that a significant proportion of any allegedly prejudicial resource expenditures had already been invested by the United States well before bringing its Motion to Stay. (Def.'s Mem. Supp. at 6 ("The Government has gathered approximately 500 pages of document that it would like to produce in response to the discovery."); *id.* at 7 ("AUSA Siekert told Plaintiffs' counsel the Government stood ready to produce voluminous (500+) pages of 'Plaintiffs-specific' documents once we obtained a Protective Order."); Def.'s Proposed Order at 1, Dkt. No. 42 ("As soon as practicable after the filing of the Protective Order Regarding Confidential Material the United States shall produce the Plaintiffs-specific documents (approximately 500 pages) that the U.S. Customs and Border Protection (CBP) and the Office of Refugee Resettlement (HHS/ORR) have in their immediate possession as referenced in the United States's motion."); Def.'s Siekert Decl. ¶ 24, Dkt. No. 46 ("I told him the Government stood ready to produce voluminous (500+) pages of 'Plaintiffs-specific' documents once we obtained a Protective Order . . . .").)

---

and the document-production component of fact discovery is due to end on July 31, 2022. (Pretrial Sched. Order at 1, Dkt. No. 38.)

Second, it is undoubtedly true that proceeding with discovery before determining which—if any—claims will remain after the court issues a decision on the United States's Motion to Dismiss will potentially end up allowing Plaintiffs to obtain discovery on issues that may ultimately prove irrelevant to the surviving claims—if any remain at all. (*See* Def.'s Mem. Supp. at 15, Dkt. No. 39.) Such discovery may result in some expenditure by the United States and may not be proportional to the needs of the case under Rule 26 if that discovery proves irrelevant based on the outcome of the United States's Motion to Dismiss. *See* Fed. R. Civ. P. 26 (setting the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). However, it was the United States, not the Court or the Plaintiffs, that controlled when the Motion to Dismiss was filed. Having chosen to file the Motion to Dismiss months into the fact discovery period, the United States may not now persuasively assert the burden of discovery as a reason for granting its Motion to Stay. Had the Motion to Dismiss been brought closer to the filing of the Complaint, the Court's decision on the Motion to Stay may have been different. Therefore, the factor of preventing prejudice to the movant favors denying the requested stay.

As to any prejudice to the Plaintiffs if the Motion to Stay is granted, the Court finds that the Plaintiffs may indeed suffer prejudice should the Court grant the United States's Motion to Stay. Plaintiffs' primary argument in their opposing Memorandum is that an assertion that a dispositive motion might be filed in the future should not suffice as a compelling reason to delay discovery, particularly where substantial completion of document discovery is set for the end of July 2022. (Pls.' Mem. Supp. at 16, Dkt. No. 49.)

Of course, Plaintiffs did not have the benefit of knowing, when writing and submitting their Memorandum opposing the United States's Motion to Stay, that the United States would have filed a Motion to Dismiss before its Motion to Stay had been orally argued or decided. During the motions hearing—after short notice of the United States's newly-filed Motion to Dismiss—Plaintiffs argued that they would be prejudiced if the Court granted the United States's Motion to Stay because the Plaintiffs are currently in removal proceedings by the United States and might no longer be present in the country to advance their claims in this action by the time the United States's Motion to Dismiss is resolved and any discovery-related stay is lifted. Therefore, the factor of preventing prejudice to the non-movant favors denying the requested stay.

As to the most practical means to conserve judicial resources, the Court finds that a stay is not most efficient where the United States represents that it has been engaged in preparing responsive disclosures to discovery requests and, but for the lack of a protective order in place in this case, would have already produced those responsive documents. (Def.'s Mem. Supp. at 6, 7; Def.'s Proposed Order at 1; Def.'s Siekert Decl. ¶ 24.) If discovery was being held up by the lack of a protective order, this Court unplugged that bottleneck weeks ago. Ordering a stay now is inefficient. There is discovery ready and waiting to be produced that may resolve some or all of the issues raised by Plaintiffs in their pending Motion to Compel Responses to Interrogatories and Production of Documents argued concurrently with this Motion to Stay, and that may also generate new discovery disputes which the parties can work to resolve—with or without the Court's

involvement—while awaiting the outcome of the United States's Motion to Dismiss. Therefore, the factor of conserving judicial resources favors denying the requested stay.

In sum, the Court finds that, on balance, the above factors favor a denial of any stay of discovery in this action. The Court denies the United States's Motion to Stay. Accordingly, based on the foregoing analysis, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Stay (Dkt. No. 38) is **DENIED.**

Date: July 5, 2022         *s/ John F. Docherty*
                                            JOHN F. DOCHERTY
                                            United States Magistrate Judge